UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON C. BOBIER,<br><br>        Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>        Defendant. | 1:13-cv-00845-AWI-MJS (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, DISCHARGING ORDER TO SHOW CAUSE, AND GRANTING REQUEST FOR AN EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT<br><br>(ECF Nos. 16, 17)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff Jon C. Bobier, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 3, 2012. (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 13.)

On December 23, 2013, Plaintiff filed a motion seeking the appointment of counsel and requesting that the Court extend his time to file an amended complaint.

I.    **MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United

States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).

In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.

For the foregoing reasons, Plaintiff's motion for appointment of counsel is DENIED, without prejudice.

**II.      REQUEST FOR EXTENSION OF TIME**

On October 29, 2013, the Court filed an order striking Plaintiff's unsigned and uncaptioned Complaint and directing Plaintiff to file an amended complaint within thirty days. (ECF No. 15.)  That deadline passed without Plaintiff filing an amended complaint or requesting an extension of time to do so.  The Court on December 13, 2013, ordered Plaintiff to show cause as to why this action should not be dismissed for failure to comply with a court order.  (ECF No. 16.)  Plaintiff has since requested an extension of time in which to file an amended complaint.  (ECF No. 17.)

///

///

Accordingly, the order requiring Plaintiff to show cause, filed December 13, 2013, is hereby DISCHARGED and Plaintiff is granted thirty (30) days from the date of service of this order in which to file an amended complaint.  If Plaintiff fails to file an amended complaint, this action will be dismissed, without prejudice, for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:    January 3, 2014            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE