UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON C. BOBIER,<br><br>          Plaintiff,<br><br>   v.<br><br>UNKNOWN,<br><br>          Defendant. | CASE No. 1:13-cv-00845-AWI-MJS<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF No. 18)<br><br>FOURTEEN (14) DAY DEADLINE |

     Plaintiff Jon C. Bobier, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 3, 2012. (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 13.)

     On October 29, 2013, the Court issued an order striking Plaintiff's unsigned and uncaptioned Complaint and directing Plaintiff to file an amended complaint within thirty days. (ECF No. 15.) Plaintiff did not file an amended pleading before the November 29, 2013 deadline. On December 13, 2013, the Court issued an order directing Plaintiff to show cause why his case should not be dismissed. (ECF No. 16.) Thereafter Plaintiff filed a request for an extension of time (ECF No. 17) and, on January 3, 2014, the Court granted him an additional thirty days to amend (ECF No. 18). That extended deadline has now passed without Plaintiff filing an amended complaint.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal [of a case]." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's Order requiring that he file an amended complaint by not later than February 3, 2014.

Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this order, Plaintiff shall either show cause why his case should not be dismissed for failure to comply with the Court's January 3, 2014 Order, or file an amended complaint; and

2. If Plaintiff fails to show cause or file an amended complaint, this action will be dismissed, without prejudice, for failure to obey a court order and failure to prosecute.

3. There shall be **no further extensions of time** beyond those provided here.

IT IS SO ORDERED.

Dated:   February 11, 2014              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE